IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| VT GRIFFIN SERVICES, INC., Plaintiff, | ) | No. 05-927C |
| v. | ) | (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

2. Admits.

3. The allegations contained in the paragraph 3 constitute conclusions of law, to which no answer is required. To the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent supported by the claim document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the appeal document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits.

8. Admits the allegations contained in paragraph 8 to the extent supported by the appeal document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent supported by the appeal withdrawal document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 9. The allegations contained in the second sentence of paragraph 9 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in paragraph 10 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits.

12. Admits the allegations contained in the first sentence of paragraph 12. The allegations contained in the second sentence of paragraph 12 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

13. Admits the allegations contained in paragraph 13 to the extent supported by the modification document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the modification documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in the first sentence of paragraph 15. Denies the allegations contained in the second and third sentences of paragraph 15 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the fourth and fifth sentences of paragraph 15 to the extent supported by the email cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fourth and fifth sentences of paragraph 15.

16. The allegations contained in the first sentence of paragraph 16 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 16 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

17. The allegations contained in the first sentence of paragraph 17 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 17 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 17.

18. Admits the allegations contained in the first two clauses of the first sentence of paragraph 18 to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 18. Admits the allegations contained in the first clause of the second sentence of paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 18. The

allegations contained in the third sentence of paragraph 18 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the fourth sentence of paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 that the Government required plaintiff to remove leaves from the nature trail on a daily basis; otherwise denies the allegations contained in the first sentence of paragraph 19. Admits the allegations contained in the second sentence of paragraph 19 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 19.

20. The allegations contained in the first sentence of paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the first clause of the second sentence of paragraph 20 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second clause of the second sentence of paragraph 20 to the extent supported by the contract cited, which is the best evidence of

its contents; otherwise denies the allegations contained in the second clause of the second sentence of paragraph 20.

21. Admits the allegations contained in the first sentence of paragraph 21 to the extent supported by the email cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 21. The allegations contained in the second and third sentences of paragraph 21 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Admits the allegations contained in the first and second sentences of paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 22. The allegations contained in the third sentence of paragraph 22 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 23.

24. Admits the allegations contained in paragraph 24 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 25.

26. The allegations contained in the first sentence of paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 26. The allegations contained in the third sentence of paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in the first sentence of paragraph 27 to the extent supported by the request documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 27. Admits the allegations contained in the second sentence of paragraph 27 that the contracting officer never

issued a Contracting Officer's Final Decision regarding documentation for the award fee determination; otherwise denies the allegations contained in the second sentence of paragraph 27. Admits the allegations contained in the third and fourth sentences of paragraph 27 to the extent supported by the documentation cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 27.

28. Admits.

29. Admits the allegations contained in paragraph 29 to the extent supported by the claim document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the writing cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the letter cited, which is the best evidence

of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the email cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 33.

34. Admits.

35. Admits the allegations contained in paragraph 35 to the extent supported by the writing cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third and fourth sentences of paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the email cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits.

38. Denies the allegations contained in the first sentence of paragraph 38 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. The allegations contained in the first clause of the second sentence of paragraph 38 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second clause of the

second sentence of paragraph 38 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required. Admits the allegations in the second clause of the second sentence of paragraph 38.

39. Admits.

40. Admits the allegations contained in paragraph 40 to the extent supported by the motion document quoted, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the motion document quoted, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. Defendant's responses to paragraphs 1 through 42 of the complaint are incorporated by reference.

44. The allegations contained in paragraph 44 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Defendant's responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. Denies the allegations contained in the paragraph 49 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute plaintiff's characterization of its case, to which no answer is

required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. Denies the allegation contained in paragraph 53 that the Army has refused to pay any additional award fee to plaintiff. The remaining allegations contained in paragraph 53 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. Defendant's responses to paragraphs 1 through 53 of the complaint are incorporated by reference.

55. Denies.

56. Denies.

57. Denies.

58. Denies.

59. The allegations contained in paragraph 59 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 61, or to any relief whatsoever.

62. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee
BRYANT G. SNEE
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

November 7, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on November 7, 2005, a copy of the Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail