IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| VT GRIFFIN SERVICES, INC., Plaintiff, | ) |
| v. | ) No. 05-927C |
| | ) (Chief Judge Damich) |
| THE UNITED STATES, Defendant. | ) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Paragraph 4 of Appendix A to the Rules of the United States Court of Federal Claims ("RCFC") and the Court's September 20, 2005 Special Procedures Order, the parties submit this Joint Preliminary Status Report.

a. Does the Court have jurisdiction over the action?

VT Griffin Services, Inc. asserts jurisdiction pursuant to 28 U.S.C. § 1491, et seq. and 41 U.S.C. § 601, et seq.

The United States states that it has no basis presently to question the Court possesses jurisdiction to entertain the eighth claim set forth in plaintiff's July 20, 2004 claim to the contracting officer. To the extent that plaintiff's September 30, 2004 claim to the contracting officer is distinct from the eighth claim set forth in plaintiff's July 20, 2004 claim to the contracting officer, the Court does not possess jurisdiction to entertain the September 30, 2004 claim because plaintiff appealed to the Armed Services Board of Contracting Appeals from the contracting officer's deemed denial of that claim. The Court does not possess jurisdiction to entertain the

claims set forth in ¶¶ 44, 45, 47, 49-52, and 56 of plaintiff's complaint, or the claims set forth in ¶¶ 57, 58, and 60 of the complaint relating to the Army's allegedly disruptive conduct and delays, because those claims were not presented to the contracting officer in plaintiff's July 20, 2004 claim.

b. Should the case be consolidated with any other case and the reasons therefor?

The case should not be consolidated with any other case.

c. Should the trial of liability and damages be bifurcated and the reasons therefor?

The trial of liability and damages should not be bifurcated.

d. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and the reasons therefor? Is there any basis for transferring or remanding the case to another tribunal, and are the parties aware of any related cases in this or any other tribunal.

Further proceedings in this case should not be deferred pending consideration of any other case before this Court or any other tribunal. There is no basis for transferring or remanding the case to another tribunal, and the parties are not aware of any related cases in this or any other tribunal.

e. Will a remand or suspension be sought and the reasons therefor and the proposed duration?

A remand or suspension will not be sought.

f. Will additional parties be joined?

Additional parties will not be joined.

g. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is a proposed schedule for the intended filing?

Defendant anticipates filing motions pursuant to RCFC 12(b)(1) and (4) by February 3, 2006.

h. What are the relevant factual and legal issues?

The parties do not dispute that:

1. In 2000, the Government contracted with plaintiff for support services at three Government installations in Georgia.

2. The contract was awarded on a cost-plus-award-fee basis.

3. The contract provided that an award fee decision would be a unilateral determination made by the Government.

4. The contract provided that an award fee could be earned in whole or in part.

5. The contract provided that the Government would use the following performance criteria as a basis for determining the amount of an award fee: performance of work, quality control, technical management, business management, and budget and cost control.

6. The contract provided that the Government would perform a monthly evaluation of the contractor's performance and, after the evaluation was complete, meet with the contractor to discuss the results of the evaluation.

7. The Government awarded a fee of $2,088.65 for performance during the period September 1 through November 31,

2001, and a fee of $417.73 for performance during the period December 1, 2001, through February 28, 2002; no other fees were awarded during contract performance.

8. After contract completion and in response to plaintiff's July 20, 2004 claim to the contracting officer, the Government added $102 to the fees already awarded to plaintiff.

i. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

Defendant states that there does not appear to be any likelihood of settlement and, for that reason, does not consider, at this time, that any method of ADR is a viable method of resolving this case. Plaintiff is open to considering ADR and believes that a settlement judge is a viable ADR method, and is hopeful that the Government will be amenable to ADR once discovery has begun.

j. Joint Proposed Scheduling Plan

i. Dates for joinder of additional parties: None.

ii. Discovery Plan:

1. Defendant anticipates filing a motion to dismiss in part for lack of subject matter jurisdiction and a motion to dismiss in part for failure to state a claim upon which relief may be granted.

a. The motions will be filed by February 3, 2006.

b. Defendant intends to argue that plaintiff's

allegations that the Government delayed and disrupted its performance and did not follow the award fee procedures set forth in the contract should be dismissed for lack of subject matter jurisdiction because plaintiff did not presented those claims in its July 20, 2004 claim to the contracting officer. Defendant intends to argue that the remainder of this case should be dismissed for failure to state a claim upon which relief may be granted because plaintiff seeks review of the merits of the Government's award fee decisions. The merits of those decisions are not reviewable: unilaterally determined award fee decisions are reviewable only to determine whether they were arbitrary or capricious; for example, to determine whether the method used to determine those award fees conflicted with any part of the contract. See Burnside Ott Aviation Training Center v. Dalton, 107 F.3d 854, 859-60 (Fed. Cir. 1997); George Sollitt Constr. Co. v. United States, 64 Fed. Cl. 229, 248 (2005).

2. Discovery should not be conducted in phases or be limited to certain issues.

3. Fact discovery relating to the Government's award fee decisions will be completed by February 17, 2006.

4. The Court should hold a status conference on April 3, 4, or 5, 2006, at 10:00 a.m., to discuss the remainder of the case.

5. Each party shall disclose its expert witnesses' identities and reports by February 17, 2006, and shall make its expert witnesses available for deposition by March 3, 2006.

6. Expert discovery will be completed by March 31, 2006.

7. The presumptive limits of five depositions per side should apply in this case.

8. No physical or mental examinations of parties will be requested.

9. All discovery will be completed by March 31, 2006.

10. There are no other matters pertinent to discovery in this case.

iii. The earliest date by which this case should reasonably be expected to be ready for trial is July 17, 2006.

iv. The parties estimate that three days will be necessary

to try this case to judgment.

v. The parties request Atlanta, Georgia, as the place for trial.

k. Are there special issues regarding electronic case management needs?

There are no special issues regarding electronic case management needs.

l. Is there other information of which the Court should be aware at this time?

There is no other information of which the Court should be aware at this time. The parties represent that on December 29, 2005, counsel held the early meeting of counsel as required in Appendix A ¶ 3 and, prior to that meeting, have exchanged the lists and other disclosures set out in RCFC 26(a)(1) and Appendix A ¶ 3. In compliance with Paragraph 4(l) of the Special Procedures Order, plaintiff provides the following anticipated litigation costs: (1) through the end of discovery: 150 hours and $52,500; (2) by the end of trial: 150 additional hours and an additional $52,500 (for a total of 300 hours and $105,000); (3) through appeal, if any: 50 additional hours and an additional $17,500 (for a total of 350 hours and $122,500), and certifies that those estimates of time and cost have been provided to plaintiff. The Government anticipates that the costs to it of litigation through discovery will be 150 employee hours and $3,000; by the end of trial 400 employee hours and $12,000; and

through appeal, if any, 440 employee hours and $12,250, and certifies that those estimates of time and cost have been provided to the Department of the Army.

Appendix A Paragraph 7: The parties propose January 13, 17, or 18, 2006, at 10:00 a.m. for the preliminary status conference.

Plaintiff's Separate Allegations:

After contract award the start of contract performance was accelerated by three months at the request of the Government.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Bryant G. Snee by
s/Brian M. Simkin
BRYANT G. SNEE
Assistant Director

s/ Lars E. Anderson
LARS E. ANDERSON
Venable LLP
8010 Towers Crescent Drive
Suite 300
Vienna, VA 22182
Telephone: (703) 760 1600
Facsimile: (703) 821-8949

Attorney for Plaintiff

December 29, 2005

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 514-4325
Facsimile: (202) 514-7965

OF COUNSEL:
CPT PATRICK BUTLER
U.S. Army Litigation Division
Arlington, VA

Attorneys for Defendant

December 29, 2005

APPENDIX TO JOINT PRELIMINARY STATUS REPORT

INDEX TO APPENDIX TO JOINT PRELIMINARY STATUS REPORT

Contract No. DAKF 11-00-C-0006 . . . . . . . . . . . . . . . . 1

Award Fee Evaluation, 16 Jan 28 - 28 Feb 01,
June 12, 2001 . . . . . . . . . . . . . . . . . . . . . . 369

Award Fee Evaluation, 1 Mar 01 - 31 May 01, undated . . . . . 414

Award Fee Evaluation, 1 June 01 - 31 Aug 01,
Oct. 5, 2001 . . . . . . . . . . . . . . . . . . . . . . 415

Award Fee Evaluation, 1 Sept 01 - 30 Nov 01,
Feb. 11, 2001 . . . . . . . . . . . . . . . . . . . . . . 461

Award Fee Board Debriefing, Feb. 14, 2001 . . . . . . . . . . 507

Award Fee Evaluation, 1 Dec 01 - 28 Feb 02,
Apr. 9, 2002 . . . . . . . . . . . . . . . . . . . . . . 517

Award Fee Evaluation, 1 Mar 02 - 31 May 02,
July 16, 2002 . . . . . . . . . . . . . . . . . . . . . . 562

Award Fee Evaluation, 1 June 02 - 31 Aug 02,
Oct. 21, 2002 . . . . . . . . . . . . . . . . . . . . . . 600

Award Fee Evaluation, 1 Sept 02 - 30 Nov 02,
Feb. 13, 2003 . . . . . . . . . . . . . . . . . . . . . . 645

Request For A Final Contracting Officer's Decision,
July 20, 2004 . . . . . . . . . . . . . . . . . . . . . . 687

Contracting Officer's Final Decision, Sept 19, 2004 . . . . . 713

Request For A Final Contracting Officer's Decision,
Sept. 30, 2004 . . . . . . . . . . . . . . . . . . . . . . 715

Complaint, ASBCA No. 55008, June 8, 2005 . . . . . . . . . . 726

Notice Of Withdrawal Of Appeal, ASBCA No. 55008,
Aug. 24, 2005 . . . . . . . . . . . . . . . . . . . . . . 737

Order Of Dismissal, ASBCA No. 55008, Aug. 26, 2005 . . . . . 738

Certificate of Filing

I hereby certify that on December 29, 2005, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail